UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVA HAWKINS,

      Plaintiff,

v.                                Case No:   6:14-cv-1375-Orl-40TBS

MSE2, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is the parties' Joint Motion for Approval of Settlement. (Doc 17).   The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims.   Upon due consideration I respectfully recommend that the motion be GRANTED, subject to the modifications agreed to by the parties at the hearing on November 5, 2014 and set forth herein.

## I. Background

      On July 7, 2014, Plaintiff Alva Hawkins brought this suit in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, against Defendant MSE2, Inc., alleging that Defendant failed to pay him one-and-a-half times his regular hourly wage for overtime hours he worked, in violation of the FLSA.   (Doc. 2).   On August 25, Defendant removed the case to this Court and filed its answer, which denies liability and raises seven affirmative defenses.   (Docs. 1, 4).

      On October 15, 2014, the parties filed a joint stipulation of dismissal with prejudice. (Doc. 15).   On October 21, the Court directed the parties to submit any proposed settlement agreement to the Court for a fairness review pursuant to Lynn's Food Stores,

<u>Inc. v. United States Department of Labor</u>, 679 F.2d 1350 (11th Cir. 1982).   On October

29, the parties filed their joint motion requesting approval of their settlement.   (Doc. 17).

Under the terms of the parties' settlement, Plaintiff will receive $2,070 for unpaid

overtime compensation and $2,070 in liquidated damages, and his lawyer will receive

$4,490 in fees and costs.   (Doc. 17-1).   The parties are asking the Court to approve their

settlement as "a fair and reasonable settlement of a bona fide dispute."   (Doc. 17, p. 6).

They note that both Plaintiff and Defendant are represented by counsel, and that while

Plaintiff claims he worked overtime, Defendant denies that Plaintiff ever did any off-the-

clock work and that any off-the-clock work Plaintiff might have done was *de minimis*.

(<u>Id.</u>, p. 4).   The parties state that they "exchanged relevant information regarding time

and pay records" prior to agreeing to the settlement.   (<u>Id.</u>).   They also state that

Plaintiff's probability of success on the merits is uncertain, and that even if Plaintiff can

establish a right to recovery, the amount is uncertain.   (<u>Id.</u>, p. 5).   They point out that

settlement allows them to avoid expenses associated with "discovery, possible motion

practice, and ultimately a trial."   (<u>Id.</u>, p. 4).   Finally, they state that the amount of fees to

be paid to Plaintiff's counsel was negotiated separately from Plaintiff's recovery and

stipulate that the proposed fees are reasonable.   (Doc. 17, p. 6).

On November 5, 2014, I held a hearing at which I shared my concerns with the

proposed settlement agreement and gave the parties an opportunity to address those

concerns.   (Doc. 19).   The parties explained that Plaintiff worked as a foreman for

Defendant, a construction contractor that specializes in drywall installation.   Plaintiff was

compensated for his work at a rate of $23 per hour.   He worked for Defendant or its

predecessors for "quite a long time," but his claim covers only a two-year period.   The

parties informed the Court that prior to reaching this settlement they exchanged pay

records and other records for certain jobs.   When I asked how the parties arrived at $2,070 in unpaid wages, they explained that Plaintiff estimated that he worked 60 hours of uncompensated time, for which he should have been paid $34.50 per hour (i.e., one-and-a-half times his regular rate of $23.00 per hour).   Multiplying 60 hours by $34.50 per hour gives a total of $2,070 in unpaid wages.

The parties also agreed to strike from the agreement certain provisions that I found either confusing or troublesome.   First, the last recital the settlement agreement reads, "it is hereby STIPULATED AND AGREED by and between the undersigned parties that all remaining controversies among the parties are hereby resolved as follows." (Doc. 17-1, p. 1).   The parties agree that this is a drafting error in that the settlement agreement resolves only Plaintiff's FLSA claims, and not "all remaining controversies" between Plaintiff and Defendant.   The parties also agree that the agreement's severability provision (Id., ¶ 8) contains a drafting error in that it refers to "general release language," but the agreement contains only a limited release (see id., ¶ 2).   Finally, the parties agreed to strike paragraph 7, entitled "Waiver of Jury Trial."   This paragraph troubled me because I do not understand it, and there is no indepndent consideration to support it.

## II. Discussion

### A. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a

proposed settlement agreement, and the district court enters a judgment approving the settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   Id. at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at 1354.   The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.   My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel."   Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).   There is a "'strong presumption' in favor of finding a settlement fair."   Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

### B. Settlement Sum

Under the parties' agreement, Plaintiff will receive the full amount of overtime he is claiming based on his estimate of 60 hours of uncompensated work, and the same amount in liquidated damages.   (Doc. 17-1, ¶ 3).   Both parties are represented by

experienced labor counsel who agree that this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims, and that there is no fraud or collusion in the settlement.   (Doc. 17, p. 3).   Accordingly, I find the settlement sum represents a fair and reasonable settlement of a bona fide dispute.

### C. Attorney's Fees

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."   Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).   Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery.   Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).   "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."   Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).   The parties agree that the $4,490 in fees and costs to be paid to Plaintiff's lawyer is reasonable, and was negotiated separately from Plaintiff's recovery, without regard to the amount of the settlement. (Doc. 17, p. 6).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' settlement agreement,

with the changes they agreed to on the record in open court, is a fair and reasonable

resolution of a bona fide dispute.   Therefore, I respectfully recommend that the Joint

Motion for Approval of Settlement (Doc. 17) be **GRANTED** and the parties' settlement

agreement be **APPROVED** with the following modifications, which they agreed to on the

record in open court on November 5, 2014:

     1. In the last recital, which reads, "STIPULATED AND AGREED by and between

the undersigned parties that **all remaining controversies among the parties are** hereby

resolved as follows," the boldfaced language is stricken and replaced with "the FLSA

Lawsuit is."   As modified, the recital reads, "STIPULATED AND AGREED by and

between the undersigned parties that the FLSA Lawsuit is hereby resolved as follows."

     2. Paragraph 7, "Waiver of Jury Trial," is stricken from the agreement.

     3. The reference to "general release language" in paragraph 8, "Severability," is

stricken from the agreement and replaced with "limited release language."

     Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

     **RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record